UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-02090-MWF (SPx) | Date: | January 15, 2025 |
| Title: | Nelson Mendieta v. Williams Scotsman, Inc. et al. | | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):** ORDER DENYING PLAINTIFF'S MOTION TO REMAND [22] AND GRANTING DEFENDANT'S MOTION TO DISMISS [24]

Before the Court are a Motion to Remand, filed by Plaintiff Nelson Mendieta on October 30, 2024 (Docket No. 22) and a Motion to Dismiss, filed by Defendant Williams Scotsman, Inc. on November 6, 2024 (Docket No. 24). Defendant filed its Opposition to the Motion to Remand on November 18, 2024. (Docket No. 25). Plaintiff filed his Opposition to the Motion to Dismiss the same day. (Docket No. 26). The parties filed their Replies on November 25, 2024. (Docket Nos. 27, 29). Defendant filed a Request for Judicial Notice the same day. (Docket No. 28).

The Court has read and considered the papers on the Motion and held a hearing on **December 9, 2024**.

The Court rules as follows:

- The Motion to Remand is **DENIED**. Defendant has met its burden of proving that Plaintiff has put more than $5,000,000 in controversy.

- The Motion to Dismiss is **GRANTED** *with leave to amend*. The Complaint fails to state a claim for several reasons. However, Defendant has not articulated a reason that amendment would be futile. Defendant's primary argument is that the allegations in the Complaint lack specificity—if so,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-02090-MWF (SPx) | **Date:** January 15, 2025 |
| **Title:** Nelson Mendieta v. Williams Scotsman, Inc. et al. | |

amendment could plausibly cure the great majority of defects in the Complaint.

I. **BACKGROUND**

Plaintiff commenced this putative class action in San Bernadino County Superior Court on August 2, 2024. (Complaint (Docket No. 1-1)). Plaintiff alleges that beginning in 2015, he worked for Defendant as a lead driver. (*Id.* ¶ 10). Plaintiff alleges that he was paid on an hourly basis as a non-exempt employee and was also compensated through other non-hourly, non-discretionary compensation, including incentives and bonuses. (*Id.*). Plaintiff was "regularly not provided lawful rest periods" and meal periods, and "also was regularly not provided an additional hour of regular rate wages for a missed, late, or interrupted meal period or rest period but instead paid an additional hour of wages at his base hourly rate of pay." (*Id.*). When Plaintiff worked overtime, he was not paid "at the proper multiple of his regular rate." (*Id.*). When Plaintiff used sick leave he had accrued, he was paid at his base pay rate, rather than his regular pay rate. (*Id.*).

Plaintiff alleges this resulted in underpayment because, in certain workweeks, Defendant did not factor in Plaintiff's "non-base hourly wages or other non-hourly, non-discretionary remuneration in addition to his base hourly wages." (*Id.*). Plaintiff also was not timely paid upon separation of employment and was not provided with accurate wage statements. (*Id.*). Plaintiff alleges that the above occurrences are "policies, practices, and customs" of Defendant. (*Id.*).

Based on the above allegations, Plaintiff brings causes of action against Defendant for (1) failure to provide meal periods in violation of Labor Code sections 226.7 and 512; (2) failure to provide rest periods in violation of Labor Code section 226.7; (3) failure to pay Plaintiff for all overtime worked in violation of Labor Code sections 510 and 1198; (4) failure to pay all sick pay wages due to Plaintiff in violation of Labor Code sections 201-204, 233, and 246; (5) failure to provide Plaintiff with accurate wage statements in violation of Labor Code section 226(a); and (6)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-02090-MWF (SPx)          **Date:** January 15, 2025
**Title:**     Nelson Mendieta v. Williams Scotsman, Inc. et al.

engagement in unfair and unlawful business practices in violation of Business and Professions Code sections 17200, *et seq.* (*Id.* ¶¶ 26-55).

On September 30, 2024, Defendant removed this action by invoking the Court's jurisdiction under the Class Action Fairness Act ("CAFA"). (*See generally* Notice of Removal (Docket No. 1)). Plaintiff now seeks to remand, and Defendant seeks to dismiss.

## II. LEGAL STANDARD

### A. Motion to Remand

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper, including under CAFA. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684-85 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.").

"In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Therefore, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Id.* (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-02090-MWF (SPx)      Date: January 15, 2025

Title:      Nelson Mendieta v. Williams Scotsman, Inc. et al.

"[A] damages assessment may require a chain of reasoning that includes assumptions." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015). "When that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.* Thus, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.* at 1197. "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). "[T]he defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." *Ibarra*, 775 F.3d at 1197.

### B.    Motion to Dismiss

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny. "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (citation omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 24-02090-MWF (SPx) | Date:  January 15, 2025 |
| Title: | Nelson Mendieta v. Williams Scotsman, Inc. et al. | |

complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

### III.    ANALYSIS

#### A.    Motion to Remand

Plaintiff's effort to remand this action largely revolves around Plaintiff's characterization that removal was improper because the Complaint establishes that this is a "regular rate" action, and ***only*** a "regular rate" action.  (*See, e.g.*, Motion to Remand at 1, 5-6).  Plaintiff argues that in this regular rate action, the Complaint does not seek compensation for payments not made, but rather exclusively for underpayments for certain types of compensation allegedly owed to Plaintiff.  (*Id.* at 3-7).  Plaintiff also argued that Defendant failed to establish Plaintiff or any other putative class member's citizenship for purposes of minimal diversity under CAFA (*id.* at 8-9) but has abandoned this argument (Reply in Support of Motion to Remand at 1 n.1).

To place these arguments in context, the Court notes that Defendant stated in the Notice of Removal that at least $5,484,769 was in controversy.  (Notice of Removal ¶ 55).  Defendant notes in its Opposition that this was a conservative estimate—Defendant used as its period of calculation August 2, 2020 to June 30, 2024, rather than September 30, 2024 (the date of removal); Defendant assumed a 25% violation rate for Plaintiff's meal and rest break claims, though a higher estimate would have been proper; and Defendant utilized the twenty-fifth percentile base wage rate for its calculation, approximately four dollars per hour less than the average rate.  (*See* Opposition at 10-11).  The amount in controversy calculation also explicitly does not attempt to quantify Plaintiff's sick pay, unpaid overtime, and waiting time allegations.  (Notice of Removal at 15 n.2).

Plaintiff attacks this calculation on the ground that the Complaint alleges that Defendant ***underpays*** overtime, sick wages and the additional hour owed for missed, late, or interrupted meal and rest periods.  (Motion to Remand at 3-5).  And, because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-02090-MWF (SPx)          **Date:** January 15, 2025
**Title:** Nelson Mendieta v. Williams Scotsman, Inc. et al.

Defendant allegedly miscalculates these payments, Defendant allegedly provides inaccurate wage statements and did not pay Plaintiff all amounts owed within 72 hours of his end of employment as a downstream consequence. (*Id.* at 5-6).

As Defendant explains, these arguments cannot prevail because the allegations in the Complaint concern more than simple underpayment. (*See* Opposition to Motion to Remand at 7). Plaintiff is correct that the following allegation, which is typical of Plaintiff's allegations in the Complaint, establishes that Plaintiff seeks compensation for underpayment:

> Plaintiff and other non-exempt employees also regularly work more than 8.0 hours in a day or 40.0 hours in a workweek. Defendants fail to consider Plaintiff and other non-exempt employees' non-base hourly wages or other non-hourly, nondiscretionary remuneration, including for example incentives and bonuses, when calculating their overtime rates of pay. Defendants thus routinely underpay overtime wages to Plaintiff and other non-exempt employees.

(Complaint ¶ 3). If these were Plaintiff's only allegations, Defendant's calculation of the amount in controversy would be deficient because it assumes that the alleged meal and rest period violations stem from ***nonpayment*** rather than underpayment. (*See* Notice of Removal ¶¶ 28, 36). Crucially, these are not Plaintiff's only allegations. The Complaint clearly alleges at its outset that the putative

> class action challenges systemic employment practices resulting in violations of the California Labor Code . . . . Defendants have jointly and severally acted intentionally and with deliberate indifference and conscious disregard to the rights of employees by ***failing to provide meal periods and rest periods, failing to pay an additional hour of regular rate wages for missed, late, or interrupted meal periods and rest periods,*** failing to pay all overtime wages, failing to pay all sick pay wages, failing to timely pay all wages during employment or upon termination of employment, and by failing to provide complete and accurate itemized wage statements.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-02090-MWF (SPx)          **Date:** January 15, 2025
**Title:**     Nelson Mendieta v. Williams Scotsman, Inc. et al.

(Complaint ¶ 1 (emphasis added)).

     Allegations that Defendant had a "policy and practice" of failing to provide meal and rest breaks and failing at all to compensate those missed breaks appear throughout the Complaint. (*Id.* ¶¶ 19, 28, 30, 34, 35). Plaintiff is correct that its overtime and sick pay wage allegations are cabined to underpayment claims, but these allegations do not even factor into the amount in controversy calculated in the Notice of Removal. (*See* Complaint ¶¶ 39, 44; Notice of Removal at 15 n.2). Therefore, Plaintiff is correct that he alleges underpayment for meal and rest breaks, but that is in addition to the claim that, as a matter of policy and practice, such breaks were not provided at all. The Court must take the allegations in the Complaint seriously and will not cherry-pick certain allegations while ignoring others. *See Ibarra*, 775 F.3d at 1197 ("In determining the amount in controversy, courts first look to the complaint.").

     It is reasonable for Defendant to assume a 25% violation rate where Plaintiff has alleged a "policy and practice" violation. *See, e.g.*, *Elizarraz v. United Rentals, Inc.*, No. CV 18-09533-ODW (JCx), 2019 WL 1553664, at *3 (C.D. Cal. Apr. 9, 2019) (finding, under "policy and practice" allegations, that "it is entirely reasonable for Defendant to allege a 50% violation rate for missed meal breaks and a 25% violation rate for missed rest periods"); *Jasso v. Money Mart Exp., Inc.*, No. 11-CV-5500 YGR, 2012 WL 699465, at *5 (N.D. Cal. Mar. 1, 2012) ("Given the allegations of a 'uniform policy and scheme' and that the violations took place 'at all material times,' one violation per week on each claimed basis is a sensible reading of the alleged amount in controversy, as pleaded by Plaintiff."). Even though the language in the Complaint differs from the complaints in the above-cited cases, the Complaint similarly alleges a widespread, systemic policy of denying meal and rest breaks. Plaintiff has failed to articulate a reason to deviate from Defendant's conservative amount in controversy as to the meal and rest break claims, which together total $2,651,858. (Notice of Removal ¶ 55).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-02090-MWF (SPx)          **Date:** January 15, 2025
**Title:**     Nelson Mendieta v. Williams Scotsman, Inc. et al.

      The remainder of Defendant's amount in controversy calculation is made up of calculations based on the alleged waiting time penalty and wage statement violations, plus a 25% attorneys' fee. (*Id.*). Plaintiff does not dispute the attorneys' fee calculation (except the underlying damages figures on which the attorneys' fee percentage is calculated). While the Ninth Circuit has rejected the application of a *per se* 25% attorneys' fee award in class actions in determining jurisdiction, the Court finds that a 25% attorneys' fee is a proper and commonly used benchmark, especially where, as here, that figure is uncontested. *See Barcia v. Contain-A-Way, Inc.*, No. 07cv938-IEG-JMA, 2009 WL 587844, at *6 (S.D. Cal. Mar. 6, 2009) (collecting overtime class actions in which a 25% fee was awarded); *Kearney v. Hyundai Motor Am.*, No. CV 09-1928-JST (MLGx), 2012 WL 13049699, at *11 (C.D. Cal. Dec. 17, 2012) ("In the Ninth Circuit, the benchmark for fees is 25% of the common fund.").

      Plaintiff makes a similar argument regarding his derivative waiting time and wage statement claims as on the meal and rest break claims, and the argument fails for the same reasons. (*See* Motion to Remand at 5-7). Plaintiff argues that the "[t]he Complaint also seeks wage statement penalties that arise from regular rate miscalculations when Defendant pays overtime, sick pay wages, or the additional hours of wages for meal period and rest period violations." (*Id.* at 5). In so arguing, Plaintiff maintains that Defendant's figures for these alleged violations are inflated, because they are not limited "to pay periods in which putative class members were paid non-base hourly wages or other non-hourly, non-discretionary remuneration, including for example incentives and bonuses." (*Id.* at 7).

      But for the same reasons as articulated above, Plaintiff in fact does not seek compensation only for underpaid rates, because Plaintiff alleges that Defendant utilizes a policy and practice of denying meal and rest periods. In such circumstances, it is appropriate for Defendant to assume a 100% violation rate as to the derivative wage statement and waiting time claims. *See Ford v. CMC Entm't Inc.*, No. CV 14-01420 RS, 2014 WL 3377990, at *3 (N.D. Cal. July 10, 2014) ("Ford does not narrow the scope of her complaint. Rather, Ford claims CEC denied all class members some compensation, thereby entitling every class member to waiting time penalties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-02090-MWF (SPx) | Date:  January 15, 2025 |
| Title:    Nelson Mendieta v. Williams Scotsman, Inc. et al. | |

Assuming a 100% violation rate is thus reasonably grounded in the complaint."); *Baker v. Propak Logistics, Inc.*, No. CV 19-1241-JGB (SHKx), 2019 WL 4168998, at *4 (C.D. Cal. Sept. 3, 2019) ("[T]he case law supports an assumption that all implicated wage statements are inaccurate where, as here, Plaintiff makes broad allegations of systematic violations.").

As a matter of logic, it is reasonable to assume that if Defendant had a widespread practice of not compensating the putative class members for their meal and rest breaks, then the putative class members did not receive that compensation upon leaving Defendant's employ, and that wage statements issued by Defendants would routinely not include that compensation.  Plaintiff has again failed to articulate a reason to deviate from Defendant's calculations.  The wage statement and waiting time claims are calculated at $704,500 and $1,031,458, respectively.  (Notice of Removal ¶ 55). When combined with the meal and rest break claims (totaling $2,651,858) and the attorneys' fee award (calculated at $1,096,964), Defendant has met its burden of proving that more than $5,000,000 is in controversy.

Accordingly, the Motion to Remand is **DENIED**.

### B.      Motion to Dismiss

In its Motion to Dismiss, Defendant argues that each of Plaintiff's causes of action contains insufficient factual support.  (*See generally* Motion to Dismiss). Defendant's arguments concern both the claims mentioned above, and Plaintiff's Unfair Competition Law ("UCL") claim that does not factor into the Motion to Remand analysis.  In the alternative, Defendant requests that the Court strike Plaintiff's class allegations.  (*Id.* at 17-19).  Because Defendant prevails on the Motion to Dismiss for the reasons explained below, the Court need not reach the request to strike the class allegations.

Plaintiff's First through Fourth Claims fail to provide the specificity required for wage and hour actions under *Landers v. Quality Communications, Inc.*, 771 F.3d 638

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-02090-MWF (SPx) | **Date:** January 15, 2025 |
| **Title:** Nelson Mendieta v. Williams Scotsman, Inc. et al. | |

(9th Cir. 2014). Plaintiff's Fifth and Sixth Claims are derivative of the First through Fourth, and they must be dismissed because of Plaintiff's failure to state those claims.

### 1. Overtime Claim (Claim Three)

The Court begins with Plaintiff's Third Claim because *Landers* is applicable to each of Plaintiff's claims but is most obviously applicable to Plaintiff's overtime claims based on its plain language.

Plaintiff alleges that Defendant underpaid Plaintiff and putative class members for overtime work when they worked more than eight hours in a day or forty hours in a workweek. (*See, e.g.*, Complaint ¶ 10, 20). Those allegations do not mention any particular workweek in which this occurred, but more generally state, for example, that "[w]hen Plaintiff worked more than 8.0 hours in a day or 40.0 hours in a workweek, Plaintiff was not paid overtime wages at the proper multiple of his regular rate." (*Id.* ¶ 20). Plaintiff alleges that Plaintiff and members of the putative Overtime Class "regularly" work overtime hours and that they are underpaid "[a]s a matter of policy and practice." (*Id.* ¶ 39). Plaintiff also alleges that "Defendants fail to consider Plaintiff and other non-exempt employees' non-base hourly wages or other non-hourly, non-discretionary remuneration, including for example incentives and bonuses, when calculating their overtime rates of pay." (*Id.* ¶ 3; *see also id.* ¶ 39).

In *Landers*, the Ninth Circuit ruled that a plaintiff asserting an overtime claim in a wage and hour matter "must allege at least one workweek when he worked in excess of forty hours and was not paid for the excess hours in that workweek . . . ." *Landers*, 771 F.3d at 646. Such an allegation raises a claim from conjectural to plausible. *See id.* (framing the workweek allegation as necessary under *Twombly* and *Iqbal* plausibility standard). Plaintiff is correct that a specific workweek allegation is not treated by courts in this Circuit as a "magic fact" and that other specific factual allegations may suffice to establish that a claim is plausible. *See Landers*, 771 F.3d at 645 ("A plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-02090-MWF (SPx) | **Date:** January 15, 2025 |
| **Title:** Nelson Mendieta v. Williams Scotsman, Inc. et al. | |

will permit the court to find plausibility. Obviously, with the pleading of more specific facts, the closer the complaint moves toward plausibility."); *Monzon v. County of San Diego*, No. 23cv445-JES (WVG), 2023 WL 5618945, at *5 (S.D. Cal. Aug. 30, 2023) ("*Landers* does not necessarily require that the plaintiff identify an exact week or instance where he was denied adequate wages.").

However, there is simply too little factual specificity in the overtime allegations to find that they plausibly state a claim for relief that is sufficient to put Defendant on notice of its alleged wrongful activity as to Plaintiff in particular. In an attempt to demonstrate that Plaintiff has made sufficiently specific factual allegations as to the overtime claim, Plaintiff can only point to the allegation that Plaintiff and other putative class members were underpaid overtime wages in weeks in which they earned "non-hourly, non-discretionary remuneration, including for example incentives and bonuses." (Complaint ¶ 3). But Plaintiff does not describe when, if ever, he was entitled to incentives and bonuses, or how often he was entitled to them. Even more fundamentally, Plaintiff in fact alleges that "[a]s a matter of policy and practice . . . Defendants fail to pay lawful overtime wages for all hours exceeding 8.0 hours in a day or 40.0 in a workweek." (*Id.* ¶ 39). That Defendant allegedly underpaid Plaintiff for weeks in which he was entitled to incentives and bonuses therefore does not provide factual specificity, but instead describes in nebulous terms a subset of unknown size of the weeks for which Plaintiff seeks compensation. At the hearing, Plaintiff expressed understandable frustration with the Court's view, but the Court believes this conclusion is unavoidable given *Landers* and the Complaint's framing of the issues.

Additionally, the Court cannot ignore that, prior to this matter and the related *Garcia* matter being transferred to this Court, Judge Gutierrez ruled in the *Garcia* matter that a substantially similar overtime claim warranted dismissal under Rule 12(b)(6). *Garcia v. Williams Scotsman, Inc.*, No. CV 24-02977-PSG (MRWx), 2024 WL 3811267, at *4-5 (C.D. Cal. Aug. 13, 2024). There, the plaintiff alleged only that

> Plaintiff and the Class have worked more than eight hours in a workday, as employees of Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  CV 24-02090-MWF (SPx) | **Date:**  January 15, 2025 |
| **Title:**   Nelson Mendieta v. Williams Scotsman, Inc. et al. | |

> . . . Defendants failed to pay Plaintiff and the Class overtime compensation for the hours they have worked . . . .

*Id.* (Complaint (Docket No 1-1) at ¶¶ 42-43).

Here, the only additional specificity provided is that Plaintiffs were *also* not provided with the correct rate of compensation for weeks in which they received incentive and bonus pay, with no supporting detail regarding when that occurred, what the incentive and bonus pay amounted to, at what rate Plaintiff and the putative class should have been compensated, or any other supporting detail. That Plaintiff and the putative class were not provided with such payment is a necessary corollary to the allegation that they were denied their regular rate of overtime payment regularly as a matter of policy and practice.

Accordingly, the Motion to Dismiss is **GRANTED** as to Plaintiff's Third Claim.

### 2. Meal and Rest Period Claims (Claims One and Two)

*Landers* requires that a plaintiff pleading unpaid overtime wages "must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Landers*, 771 F.3d at 644-45. Courts in this Circuit, including this Court, have held that *Landers* is also applicable to meal and rest break claims, and that the failure to allege specific facts about any alleged dates are fatal to a plaintiff's claims. *Parsittie v. Schneider Logistics, Inc.*, No. CV 19-03981-MWF (AFMx), 2019 WL 8163645 (C.D. Cal. Oct. 29, 2019) ("[T]he Ninth Circuit requires a plaintiff to allege actual *dates* of occurrences of any purported break violations, or at least allege *one* workweek with missed meal or rest breaks, which Plaintiff fails to do here.") (emphasis in original) (citing *Landers*, 771 F.3d at 645)); *see also Cortez v. United Nat. Foods, Inc.*, No. 18-cv-04603-BLF, 2019 WL 955001, at *10 (N.D. Cal. Feb. 27, 2019) ("Plaintiff's failure to plead at least one occasion on which he was impeded from taking a break likely runs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-02090-MWF (SPx) | Date:  January 15, 2025 |
| Title:     Nelson Mendieta v. Williams Scotsman, Inc. et al. | |

afoul of the Ninth Circuit's decision in [*Landers*]"). Before this matter and the related *Garcia* matter were transferred, Judge Gutierrez ruled similarly in granting the motion to dismiss in *Garcia*. *Garcia*, 2024 WL 3811627, at *6 (finding that *Landers* applies to meal and rest break claims and granting the motion to dismiss as to those claims pursuant to *Landers*).

Plaintiff's meal and rest break claims are not substantially more specific than his overtime claim. Plaintiff alleges that Defendant "fail[ed] to provide meal periods and rest periods," and also underpaid for missed, late, or interrupted meal and rest periods. (Complaint ¶¶ 1-2). As with the overtime claim, Plaintiff alleges that the underpayments resulted from Plaintiff and the putative class members being compensated at their base level of pay for weeks in which they also received non-hourly, non-discretionary pay. (*Id.* ¶ 2). And just like the overtime claim, Plaintiff fails to provide any supporting facts for this general proposition.

As discussed above regarding the overtime claim, Plaintiff also alleges that meal and rest breaks were regularly not provided as a matter of policy and practice, without further elaboration. This is insufficiently specific. *See Tavares v. Cargill Inc.*, No. 1:18-cv-00792-DAD-SKO, 2019 WL 2918061, at *5 (E.D. Cal. July 8, 2019) ("Plaintiff's claims are not supported by any allegations of fact—such as when, how, and which individuals were denied meal and rest periods—that would plausibly indicate defendants are liable.").

Accordingly, Plaintiff's meal and rest break claims fail for similar reasons as his overtime claim. The Motion to Dismiss is thus **GRANTED** as to Plaintiff's First and Second Claims.

### 3. Sick Pay Wage Claim (Claim Four)

Defendant argues that Plaintiff's sick pay wage claim is insufficient under *Landers*. (Motion at 12-13). Defendant also argues that Plaintiff has no private right of action to enforce the underpayment of sick pay wages. (Motion at 9-11). The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-02090-MWF (SPx) | **Date:** January 15, 2025 |
| **Title:** Nelson Mendieta v. Williams Scotsman, Inc. et al. | |

addresses this argument first as its resolution bears directly on whether amendment of the Complaint is futile as to the sick pay wage claim.

Defendant is simply incorrect that Plaintiff cannot recover for unpaid or underpaid sick pay wages as a general matter. Defendant argues that Labor Code section 246 provides no private right of action, and that Labor Code section 233 makes unlawful the denial of sick time *use* rather than non-payment or underpayment for sick time actually used. (*Id.*). Even so, unpaid or underpaid sick pay wages are recoverable through Labor Code section 203. *See Ismail v. Am. Airlines, Inc.*, No. CV 22-01111-DMG (JPRx), 2023 WL 5504932, at *5 (C.D. Cal. July 14, 2023) ("American Airline[s] cites several cases to support its argument that section 246 does not provide a private right of action, but those cases do not involve waiting time penalties for unpaid wages pleaded as a section 203 violation."). Courts in this Circuit have granted motions to dismiss where sick pay claims are brought directly, while subjecting a derivative waiting time claim to a separate analysis. *See, e.g.*, *Reyes v. Costco Wholesale Corp.*, No. 2:24-cv-00300-KES-HBK, 2024 WL 3105624, at *7 (E.D. Cal. June 24, 2024). To the extent that Plaintiff brings these claims directly under Labor Code sections 233 and 246, the Motion to Dismiss is **GRANTED *without leave to amend***.

Additionally, Plaintiff alleges that he is entitled to adequate payment for his actually used sick time under section 203 of the Labor Code. (*See* Complaint ¶ 45). As Plaintiff explains in the Complaint, "Section 203 provides that if an employer willfully fails to pay wages owed in accordance with Sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid, but the wages shall not continue for more than thirty (30) days." (*Id.*). This is, of course, a fair characterization of section 203 of the Labor Code. *See* Cal. Labor Code § 203 ("If an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced . . . ."). Accordingly, Plaintiff may bring a claim for unpaid and underpaid sick pay wages in association with his derivative waiting time claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-02090-MWF (SPx)                    Date:  January 15, 2025
Title:     Nelson Mendieta v. Williams Scotsman, Inc. et al.

    However, Plaintiff's sick pay wage claim suffers from the same defects as his first three claims.  Plaintiff's sick pay wage claim features the same allegations, though this time cabined to ***underpayment*** rather than underpayment and nonpayment of sick pay wages.  Plaintiff alleges that Defendant fails to pay for used sick pay time at an appropriate rate during workweeks in which Plaintiff and members of the putative class use sick time and also received non-hourly, non-discretionary pay.  (Complaint ¶ 4).  Plaintiff alleges that he actually used sick time—though he points to no specific workweek or timeframe in which he did so—and that he was underpaid for that time.  (*Id.* ¶ 10).  Finally, Plaintiff alleges that this is a policy and practice of Defendant.  (*Id.* ¶ 44).

    For the reasons articulated above, these allegations are too vague to raise a plausible claim for relief.  Plaintiff's allegations as to sick pay wages are virtually identical to his allegations in the first three claims, except that he does not also allege that he routinely did not receive sick pay wages at all.  Still, Plaintiff does not put Defendant on notice of any workweeks or surrounding factual circumstances—it is merely a "formulaic recitation" that Plaintiff did not receive his regular rate of pay for sick time.  *Twombly*, 550 U.S. at 545.

    The Court also notes that Defendant argues that Plaintiff has not sufficiently pled that the underpayment was willful, a required element under section 203 of the Labor Code.  (*See* Motion to Dismiss at 12).  Plaintiff did not address this argument in its Opposition.  The Court is, of course, not bound to accept this argument simply because Plaintiff does not address it.

    Defendant's position on this issue is inconsistent with its position regarding the Motion to Remand, though the Notice of Removal did not calculate totals for the sick pay wage violations.  Defendant asks that the Court take seriously Plaintiff's "policy and practice" allegations under the overtime wage and meal and rest period claims, arguing that the inclusion of that language allows Defendant to utilize a 25% violation rate for purposes of calculating the amount in controversy.  If the Court were similarly to take seriously the "policy and practice" allegation regarding the sick pay wages, Defendant would be hard-pressed to explain how a widespread corporate policy like

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 24-02090-MWF (SPx) | Date: January 15, 2025 |
| Title: Nelson Mendieta v. Williams Scotsman, Inc. et al. | |

the one alleged here is ***not*** willful. The element of willfulness, the Court determines, is inherent in that allegation, and Defendant has effectively waived any argument that the Court should not take the "policy and practice" language into account.

All the same, Plaintiff cannot avoid the fact that the sick pay wage claim is exceedingly vague.

Accordingly, the Motion to Dismiss is **GRANTED** as to Plaintiff's Fourth Claim.

### 4. Derivative Claims (Claims Five and Six)

Finally, Plaintiff brings derivative claims for inaccurate wage statement and violations of the UCL. Because the wage statement claim is premised on Plaintiff's first four claims, the inaccurate wage statement claim must be dismissed because those claims are inadequately pled. *See Garcia*, 2024 WL 3811267, at *8 (finding, in this matter's related case, that "[a]s the underlying claims fail, so does" the inaccurate wage statement claim "to the extent it is predicated on them"). Similarly, the UCL claim fails because Plaintiff has failed to sufficiently plead the existence of an unfair or unlawful business practice. *See Wilcox v. Harbor UCLA Med. Ctr. Guild, Inc.*, No. CV 23-02802-MCS (JCx), 2023 WL 5246264, at *9 (C.D. Cal. Aug. 14, 2023) ("Because Wilcox's UCL claim is wholly derivative of her other claims, all of which the Court has dismissed, the UCL claim is also dismissed.").

Accordingly, the Motion to Dismiss is **GRANTED** to as Plaintiff's Fifth and Sixth Claims.

### C. Leave to Amend

Rule 15 requires that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The Supreme Court identified five factors a court should consider when deciding whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 24-02090-MWF (SPx)              **Date:**  January 15, 2025
**Title:**       Nelson Mendieta v. Williams Scotsman, Inc. et al.

to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended its complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these, "the consideration of prejudice to the opposing party carries the greatest weight." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Eminence Cap., LLC*, 316 F.3d at 1052); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (indicating a court should explain reasons for denying leave to amend); *Parsittie v. Schneider Logistics, Inc.*, 859 F. App'x 106, 107 (9th Cir. 2021) (unpublished) (same).

Plaintiff has not previously amended his Complaint in this matter, and the Court finds no reason to suspect bad faith. Further, amendment would likely not result in undue delay or prejudice to Defendant. Whether Plaintiff may amend his Complaint therefore depends upon whether amendment would be futile.

Here, Plaintiff fails to state a claim because of the lack of specificity in his allegations. Generally, speaking the claims are not foreclosed as a matter of law, and could likely be easily cured through amendment. In *Garcia*, the court found that "Plaintiff could easily rectify the pleading issues by providing a much more detailed complaint" and granted leave to amend on that basis. *Garcia*, 2024 WL 3811267, at *10. So too here, with the limited exception that Plaintiff may not pursue his sick pay claim directly through Labor Code sections 233 and 246, as explained above. As to that issue, Plaintiff cannot state a claim as a matter of law, and therefore the Motion is **GRANTED** *without leave to amend*. Otherwise, the Motion to Dismiss is **GRANTED** *with leave to amend*.

Plaintiff may file a First Amended Complaint ("FAC") by no later than **February 3, 2025**. Defendant shall respond to the FAC, if filed, by no later than **February 24, 2025**. Failure to file an FAC by February 3rd will be construed as an intention to stand on the existing allegations.

IT IS SO ORDERED.